UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

VICTOR MONTEQUIN,

        Petitioner,

v.     Case No. 5:23-cv-511-BJD-PRL

WARDEN, FCC COLEMAN- LOW,

        Respondent.
_____

## **ORDER OF DISMISSAL WITHOUT PREJUDICE**

Petitioner, Victor Montequin, initiated this action by filing a *pro se* Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. Doc. 1. In his petition, Petitioner challenges the validity of his federal conviction asserting his conviction was illegal and his judgment is void. Doc. 1 at 2. As grounds for his challenge, Petitioner argues that the United States Government lacked standing to prosecute him and argues that because there was no offense committed against the United States, his prosecution resulted in a violation of his due process rights. Doc. 1 at 6. Petitioner also asserts that the "U.S. Prosecution" violated the tenth amendment by "t[aking] over State Police rights, without authority to do so." *Id*. As relief, Petitioner requests the Court to order his immediate release from custody. Doc. 1 at 7.

A motion to vacate under § 2255 is the "exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy the 'saving clause.'" *McCarthan v. Dir. of Goodwill Indus.-Suncoast*, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017). The saving clause is triggered only when a prisoner's remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The Eleventh Circuit Court of Appeals has stated that a remedy under § 2255 is "inadequate or ineffective to test the legality" of a federal prisoner's detention in three circumstances:

> (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, 686 F. App'x 730, 730-31 (11th Cir. 2017). *McCarthan* makes clear that "'ordinary sentencing challenges' may not be brought under § 2241." *Donaldson v. Warden, FCI Coleman Medium*, 691 F. App'x 602, 603 (11th Cir. 2017) (quoting *McCarthan*, 851 F.3d at 1091-94). "[A]ny cognizable claim that could have been brought under § 2255, even if circuit precedent or a procedural bar would have foreclosed the claim, cannot be brought under § 2241 in this circuit after *McCarthan*." *Id.* (quotations and citation omitted).

Even construing Petitioner's *pro se* petition liberally, as the Court must, none of his claims are cognizable under § 2241 because he challenges the validity of his conviction and sentence, not the execution of his sentence. § 2255 permits a prisoner to contest his sentence by motion "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or *that the court was without jurisdiction to impose such sentence*, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a) (emphasis added). It authorizes the sentencing court to provide specified relief if the court finds "the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." *Id*. § 2255(b). The rule provides that the motion is to be filed in "the court which imposed the sentence." *Id*. § 2255(a).

Here, Petitioner has failed to demonstrate that a motion to vacate filed pursuant to § 2255 is "inadequate or ineffective." *McCarthan*, 854 F.3d at 1081 (citation omitted). Petitioner's claims center entirely around the validity of his judgment and an alleged lack of jurisdiction by his sentencing court. § 2255 authorizes the sentencing court to provide relief when it was without jurisdiction to impose a sentence; thus, Petitioner has a remedy through §

3

2255. The mere fact that the sentencing court purportedly lacked jurisdiction does not render a motion under § 2255 inadequate or ineffective.

Petitioner has also failed to show that the sentencing court is unavailable, or that practical considerations (such as multiple sentencing courts) prevent him from filing a § 2255 motion. The sentence under attack was imposed in this District. That court is not unavailable.

Accordingly, Petitioner has failed to demonstrate the applicability of § 2255(e)'s savings clause, and this Court therefore lacks jurisdiction to adjudicate this § 2241 petition on its merits. *See* Rule 4, U.S.C. foll. § 2254, Rules Governing § 2254 Cases in the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party."). Therefore, the Court dismisses this case for lack of jurisdiction.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. This case is **DISMISSED without prejudice.**

2. The **Clerk** shall enter judgment dismissing this case, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 6th day of September, 2023.

_____
BRIAN J. DAVIS
United States District Judge

c:
Victor Montequin, #70291-018